UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONALD PEVIA,

    Plaintiff,

    v().

LABIB H. SYED, M.D.
    Defendant.

Civil Action No.:  SAG-22-837

**MEMORANDUM OPINION**

Self-represented plaintiff Donald R. Pevia, who is incarcerated at North Branch Correctional Institution ("NBCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. Additionally, Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that in 2019 he entered a settlement agreement with the Maryland Department of Public Safety and Correctional Services regarding his chronic shoulder injury. ECF No. 1 at 2. He states that he was scheduled to see an orthopedic surgeon regarding his front cuffing status and pain. *Id*. Plaintiff was examined by Dr. Carls who had previously operated on Plaintiff's shoulder and who was aware of Plaintiff's chronic osteoarthritis and joint disorder. *Id*. After examining Plaintiff, Dr. Carls recommended Plaintiff undergo a total shoulder replacement. *Id*. The recommendation was forwarded to "Collegial" for review where it was denied first by Dr.

Ashweagan and then by Dr. Dorsey. *Id*. at 3. In denying the surgery, Dr. Dorsey reviewed Plaintiff's x-rays that were taken on June 25, 2020 and interpreted by Defendant Dr. Syed.[1] *Id.*

Dr. Syed's findings stated: "There is no evidence of an acute fracture, dislocation or sublaxation [sic]. Glenohumeral and AC joints are grossly intact. Old injury at the humeral head and glenohumeral joint with mild deformity. Impression: No acute osseous abnormality." *Id*. at 3. Plaintiff states that based on Dr. Syed's finding his surgery was denied. *Id*. He further claims that shoulder x-rays taken prior to 2016 "shows and proves defendant Syed intentionally falsified plaintiff's x-ray to prevent plaintiff from obtaining his urgent surgery…" *Id*.

For the reasons discussed below, Plaintiff's Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Self-represented pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will assume, at this stage of the proceedings, that Plaintiff has sufficiently alleged that Dr. Syed acted under color of state law in providing him with medical services. *See West v. Atkins*, 487 U.S. 42, 54 (1988) (holding private physician under contract with state to provide medical services to inmate as state actor for purpose of section 1983).

Plaintiff's claims are insufficient to state an Eighth Amendment claim against Dr. Syed. Plaintiff has alleged only that Dr. Syed made an incorrect diagnosis. To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the

---

[1] The denial of the shoulder replacement surgery by Dr. Dorsey is currently being litigated by Plaintiff in *Pevia v. Getachew, et al.*, Civil Action No. ELH-21-751.

defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available.  *See Farmer v. Brennan*, 511 U.S. 825, 834-7 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). A successful claim requires proof that the defendant was subjectively reckless in treating or failing to treat the serious medical condition.  *See Farmer*, 511 U.S. at 839-40. "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted), *overruled in part on other grounds by Farmer*, 511 U.S. at 837.  Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837.

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Plaintiff's  Complaint lacks factual allegations showing that Dr. Syed read the x-rays with a conscious disregard of an excessive risk to Plaintiff's health or that he was aware of the need for medical attention and failed to ensure its availability. In short, the alleged misreading of Plaintiff's x-ray fails to state a claim of deliberate indifference. *See Carrera v. California*, 2008 WL 3931182 *10  (C.D. CA 2008)  (dismissing for failure to state a claim prisoner civil rights complaint filed against radiologist who misread x-ray).

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, he will not be permitted to file lawsuits *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

A separate Order follows.

<u>September 13, 2022</u>                             <u>          /s/                              </u>
Date                                                  Stephanie A. Gallagher
                                                      United States District Judge